**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON HOUSER, | |
| Petitioner, | Civil Action No. 16-8509 (CCC) |
| v. | **MEMORANDUM OPINION** |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Brandon Houser. Because Petitioner admits that he is a pretrial detainee, not a convicted prisoner, the Court construes the Petition as filed under 28 U.S.C. § 2241. (ECF No. 6-1 at 2.)[1] The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 cases through Rule 1(b). It appearing:

1. Petitioner raises a litany of claims in the Petition, asserting that he was arrested and searched without probable cause, there was insufficient evidence to sustain the indictment, and that his public defender rendered ineffective assistance of counsel. (*See* ECF No. 6-1 at 2.) It is clear from the Petition that the state court criminal proceedings are ongoing. (*See* ECF No. 1-1 at 4.) Petitioner seeks to have this Court order him released, and to enjoin the State from further prosecution. (ECF No. 6-1 at 8.)

---

[1] Petitioner filed an Amended Petition after the case was filed, (ECF No. 6), and subsequently filed a letter requesting to further amend the Petition, (ECF No. 7). For the purposes of this screening the Court has considered all three filings.

2. However, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Evans v. Ct. of Common Pleas, Del. Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992) (quoting *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973)). "The rule barring pretrial intervention into pending state criminal proceedings by way of federal habeas corpus or otherwise is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Id.* (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). "[I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is 'both great and immediate.'" *Younger*, 401 U.S. at 46. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* "[A]bsent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly . . . when the moving party has an adequate remedy' in state court.'" *Gonzalez v. Waterfront Comm'n of N.Y. Harbor*, 755 F.3d 176, 180 (3d Cir. 2014) (quoting *Younger*, 401 U.S. at 43).

3. Here, Petitioner makes no showing that he lacks adequate remedy in state court. Indeed, all of the asserted claims can be raised in state court. If Petitioner does not believe that his public defender is providing constitutionally required effective assistance, he can petition the state court to assign him a different counsel. Without more, the Court must decline jurisdiction over Petitioner's habeas claims pursuant to *Braden* and *Younger*, and the claims are dismissed without prejudice. *See Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (affirming

dismissal of § 2241 petition by a pretrial detainee because his "habeas corpus petition does not present any extraordinary circumstances and is an attempt to litigate constitutional defenses prematurely in federal court").

_____
Claire C. Cecchi
United States District Judge

Date:  Feby 2, 2017